UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Denise Graves,

        Plaintiff,

  v.

Richard Goodwin,

        Defendant.

Case No.: 1:09-cv-852

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Magistrate Judge Karen L. Litkovitz's September 1, 2011, Report and Recommendation ("Report") (Doc. 14) and on Plaintiff Denise Graves' corresponding Motion to Reopen Case (Doc. 12). In her Motion, Ms. Graves requests that her case be reopened and that she be appointed an attorney. (Doc. 12, 2.) The Report recommends that Plaintiff's Motion be denied. (Doc. 14, 2.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[1] Plaintiff filed an Objection (Doc. 16) in the form of a letter to the Court.

Because there is no legal basis on which to grant Plaintiff's requested relief, Plaintiff's Objection is OVERRULED, the Report is ADOPTED to the extent indicated below, and Plaintiff's Motion is DENIED.

---

[1] Notice was attached to the Report regarding objections. (Doc. 14, 3.)

1

**I.      Background**

Ms. Graves' Motion to Reopen Case is actually a letter addressed to the Court. Given her pro se status, the Report correctly construes this letter as a motion. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se pleadings are to be "liberally construed").

In Ms. Graves' own words, the relevant parts of her Motion read as follows:

> To who this may concern;
>
> Please review and visit this case, reopen it.  A crime was committed and I was wrongly convicted. . . . I received the sentence 15 yrs. to life, I need to go free now.  I have spent 16 years for a crime based on circumstantial evidence.  Please, Richard Goodwin is the babies father and he murdered my infant, April Goodwin. . . . He, put April to sleep and he suffocated her.  I gave her mouth to mouth to try to resutate her when she was being so quiet, she never came to as I waited for the EMS after I called 911, because my child wasn't breathing.  He, Richard Goodwin left the scene of the crime and I received all of the blame.  He killed her with a bag, plastic, clear plastic bag.  When I the mother checked her, she was lifeless.  I have a mental disability of some retardation and Richard Goodwin knew this and he twisted all the facts to his advantage. . . . Please, open up my case, I don't want to die in here, prison, for a crime I did not commit. . . . Richard Goodwin was never finger printed for the evidence on the bag he smothered my infant April with.  He left the scene of the crime, he didn't take a DNA test for the rape of my daughters, the other female children were examined after my daughter was murdered and found that other, two other girls were assaulted, sexually.  My children, girls ages 18 months and 9 months, after children services got involved.  That never came up in court during this case about my other daughters . . . . Please, give me an Attorney to help me reopen this case.  I am not guilty.  I have witnesses, my sister, my brothers, my cousin, my mother.

(Doc. 12, 1–2.)  Plaintiff's Objection adds more detail to her claims, describing how Mr. Goodwin allegedly killed April Goodwin.  (Doc. 16, 1.)

In her Complaint (Doc. 6), Ms. Graves alleges three claims against Richard

2

Goodwin: "wrongful accusation, wrongful imprisonment, and wrongful death." (Doc. 6, 5.) Ms. Graves was granted leave to proceed *in forma pauperis*, but after a sua sponte review, this Court dismissed her Complaint under 28 U.S.C. § 1915(e)(2)(B) for lack of subject-matter jurisdiction and for failure to state a claim for relief under federal law. (Doc. 7, 1, 5.)

At the time this civil case was dismissed, Ms. Graves also had a petition for a writ of habeas corpus pending. *See Graves v. Warden, Ohio Reformatory for Women*, Case No. 1:09-cv-859. Her petition has since been dismissed with prejudice because it was barred by the statute of limitations—she missed the filing deadline by over twelve years. *See id.* (Doc. 34, 2). As she explained, "[f]or years I've believed my innocence but didn't know how to appeal my case or if this could even be done." *See id.* (Doc. 33, 1).

## II. Legal Analysis

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Report construes Plaintiff's Motion to Reopen Case as a motion to alter or amend under Rule 59 of the Federal Rules of Civil Procedure. (Doc. 14, 1.) However,

3

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Given that judgment in this case was entered on December 16, 2009, and Plaintiff's Motion to Reopen was not filed until April 14, 2011, Rule 59 does not apply here. Instead, this Court analyzes Ms. Graves' Motion under Rule 60(b), which provides for relief from a final judgment if such a motion is "made within a reasonable time . . . ."[2] Fed. R. Civ. P. 60(c).

Rule 60(b) provides a mechanism for seeking post-judgment relief for a limited set of circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60 states as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[2] The Court acknowledges that a full reading of Rule 60(c)(1) states that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Because Plaintiff's Motion could be construed as requesting relief based on "any other reason that justifies relief" under subsection (6), the Court deems Plaintiff's Motion to be timely.

4

The Court can find no basis under Rule 60(b) to reopen this case. There is no mistake, inadvertence, surprise, or neglect. There is no newly discovered evidence. There is no fraud, misrepresentation, or misconduct by an opposing party. No order of this Court is void. Satisfaction, release, or discharge of a judgment does not apply here. Moreover, the Court can find no other reason that justifies relief.

Furthermore, Plaintiff's Objection (Doc. 16) provides no legal basis to reopen this case. Instead, it recounts Plaintiff's version of events surrounding the death of her infant daughter. (Doc. 16, 1–2.) The Court has no choice but to view this as a general objection, which "has the same effects as would a failure to object." *Howard*, 932 F.2d at 509.

While the Court feels great sympathy for Ms. Graves and laments the tragedy of the death of her daughter, any order granting Ms. Graves relief must be grounded in the law. *See Sheet Metal Workers' Int'l Ass'n v. Carter*, 459 U.S. 949, 953 (1981) (sympathy is "not a sound basis for administering a system of justice"); *Cherokee Nation v. State of Georgia*, 30 U.S. 1, 15 (1831) (courts are not "permitted to indulge their sympathies"); *Penhallow v. Doane's Adm'rs*, 3 U.S. 54, 88 (1795)("[M]otives of commiseration, from whatever source they flow, must not mingle in the administration of justice."). Regardless of this Court's sympathies, there is no legal basis for this Court to do as Ms. Graves asks. The Report's analysis under Rule 59 comes to the same conclusion. As the Report states, "plaintiff has simply reargued the issues upon which she was not successful before this Court." (Doc. 14, 1.) The Report is also correct where it states that "[i]f plaintiff wishes to obtain review of the Court's decision and orders, she must pursue an appeal to the United States Court of Appeals for the Sixth

Circuit." (Doc. 1–2.)  Accordingly, Plaintiff's Motion to Reopen Case (Doc. 12) is DENIED.

### III. Conclusion

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636 and Rule 72(b), this Court finds the Report to be correct to the extent indicated above.  Plaintiff's Objections are **OVERRULED**.  The Report's recommendation that Plaintiff's Motion be denied is **ADOPTED**.  Accordingly, Plaintiff's Motion to Reopen Case (Doc. 12) is **DENIED**.  This case shall remain closed.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge